IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MCALLEN ANESTHESIA CONSULTANTS, P.A., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. 7:14-cv-913 |
| UNITED HEALTHCARE SERVICES, INC., | § § § | |
| Defendant. | § § § | |

# DEFENDANT'S MOTION TO STAY DISCOVERY

Defendant United HealthCare Services, Inc. ("UHS") files its motion to stay discovery, and states:

## I. INTRODUCTION

Now pending before the Court is UHS's motion to dismiss the Amended Complaint of Plaintiff McAllen Anesthesia Associates, P.A. ("MAC") in its entirety for lack of jurisdiction under Rule 12(b)(1), for failure to state a claim under Rules 12(b)(6) and 9(b), and for failure to join an indispensible party under Rule 12(b)(7) and 19.[1] The same day UHS filed these motions, it received from MAC sixty (60) broad based requests for production,[2] a request for depositions of an out-of-state employee,[3] and a request to confer, and a threatened motion to compel with respect to MAC's earlier interrogatories,

---

[1] ECF No. 30.

[2] Ex. A.

[3] Ex. B.

to which UHS had previously objected and, in part, answered[4] ("collectively, the "Discovery Requests"). Given the jurisdictional and legal issues raised by the pending motion to dismiss, which, if granted, disposes of this case in its entirety, discovery should be stayed pending the motion's resolution.

## II. BACKGROUND AND PROCEDURAL HISTORY

This is a dispute over the payment of claims for benefits that MAC submitted under the HealthSelect[SM] Plan of Texas, a self-funded benefit plan (the "Plan") operated by the Employees Retirement System of Texas ("ERS"). The Plan provides health coverage to certain state employees and their dependents pursuant to the Texas Employees Group Benefits Act, Chapter 1551 of the Texas Insurance Code ("Chapter 1551"). By statute, authority to operate the Plan is vested solely in the board of ERS, a governmental entity.[5] Further, ERS alone defines the terms of coverage under the Plan and has ultimate responsibility for any covered benefits available through the Plan.[6] Plan benefits are not insured by an insurance policy; rather, the Plan is self-funded, meaning ERS uses its own funds, including funds allocated by the state, to pay benefits.[7] As pertains here, the Plan pays certain claims for benefits for services by out-of-network

---

[4] Ex. C. A copy of the referenced objections and answers are submitted herewith as Exhibit D.

[5] Tex. Ins. Code § 1551.051 and § 1551.352.

[6] Tex. Ins. Code § 1551.202 (ERS defines Plan terms of coverage).

[7] *See Tex. Dep't of Ins. v. American Nat'l Ins.* Co., 410 S.W.3d 843, 843 (Tex. 2012) (as a self-funded plan, ERS's Plan "assumes the risk of providing health insurance to its employees, instead of ceding the risk to a third-party insurance company"); *see also* Tex. Ins. Code § 1551.208 (determination to self-fund), § 1551.310 (state allocation of funds to ERS Plan).

physicians, like MAC, based on Medicare rates published by the Centers for Medicare and Medicaid Services ("CMS").[8]

MAC is an out-of-network provider and submitted hundreds of claims for benefits for anesthesia services under purported assignments of benefits from Plan members. UHS serves as the Plan's "administering firm" under Chapter 1551. In that capacity, it "act[s] for the board" of ERS and processes claims under the Plan's terms.[9] MAC disputes the payment of its claims for benefits based on Medicare rates. MAC's causes of action stand on this central premise, arising from payment of claims for benefits under the Plan and, hence, under Chapter 1551.

In its state court petition, MAC alleged it was underpaid because its claims were not paid at 80% of billed charges,[10] asserting various causes of action arising from "the claims submission process."[11] The state court petition did not limit this theory to claims for benefits that MAC submitted under the ERS Plan. As UHS's removal materials make clear, MAC submitted claims under a variety of plans besides the ERS Plan.[12] Some of these plans were ERISA-governed plans.[13] UHS therefore removed the case to federal court based on complete preemption under ERISA and the Court's diversity jurisdiction.

---

[8] *See* Motion to Dismiss at 3-6 [ECF No. 30].

[9] Tex. Ins. Code § 1551.

[10] ECF No. 1-4 ¶¶ 12, 16.

[11] ECF No. 1-4 ¶ 7. Plaintiff asserted causes of action for (i) breach of implied contract and attorney's fees claim, Tex. Civ. Prac. & Rem. Code §§ 38.001, *et seq*., (ii) promissory estoppel, and (iii) "equitable relief" for "full payment of the claim submitted," all of which arose from "the claims submission process." ECF No. 1-4 ¶¶ 7, 10-17.

[12] ECF Nos. 1-2.

[13] *Id.*

The Court denied MAC's motion to remand and concluded that it had diversity jurisdiction.[14]

Thereafter, UHS filed its motion to dismiss under Rule 12(b)(1) to the extent MAC premised its causes of action on claims for benefits under the ERS Plan.[15] MAC filed a response, largely based on new allegations it included in a proposed amended complaint, for which it sought leave to file.[16] The Court granted MAC leave, and MAC filed the Amended Complaint on May 4, 2015. The Court also denied the then-pending motion to dismiss as moot, subject to re-filing.[17]

Unlike the state court petition, MAC focuses its allegations in the Amended Complaint solely on claims for benefits under the ERS Plan. Specifically, MAC challenges the payment of its claims based on Medicare reimbursement rates and the handling of MAC's appeals.[18]

On May 26, 2015, UHS filed its motion to dismiss the Amended Complaint.[19] In the motion to dismiss, UHS seeks dismissal of the case in its entirety under Rule 12(b)(1) for lack of jurisdiction because (i) UHS is entitled to immunity as ERS's statutorily authorized "administering firm;" (ii) ERS has exclusive jurisdiction over claim payment

---

[14] ECF No. 19.

[15] ECF No. 24.

[16] ECF No. 25.

[17] ECF No. 28.

[18] *See generally* Motion to Dismiss Amended Complaint at 11-12 [ECF No. 30]. MAC asserts causes of action for: (i) tortious interference; (ii) fraud by misrepresentation; (iii) fraud by nondisclosure; (iv) negligent misrepresentation; (v) violations of the Deceptive Trade Practices Act ("DTPA"); (vi) violations Chapter 541 of the Insurance Code (misrepresentations); (vii) breach of implied contract; (viii) promissory estoppel; (ix) RICO violations; (x) violation of constitutional rights; and (xi) unjust enrichment.

[19] ECF No. 30.

disputes; and (iii) MAC lacks standing under Chapter 1551 to challenge Plan interpretation and benefits decisions.  UHS also seeks dismissal under Rule 12(b)(6) and 9(b) because MAC's alleged facts do not plausibly state a claim. In addition, UHS seeks dismissal under Rules 12(b)(7) and 19 for failure to join an indispensable party because ERS is a necessary party with respect to claims under its Plan, but cannot be feasibly joined. Accordingly, UHS seeks dismissal on several grounds that, if granted, dispose of this case in its entirety based on threshold jurisdictional and legal issues.

### III.  ARGUMENT AND AUTHORITIES

The Court may control the timing and sequence of discovery.[20] The Court further has discretion to stay discovery "for good cause shown."[21] Discovery is subject to the Rules' overarching requirement of proportionality, generally weighing the benefit against the burdens of the discovery sought.[22] The smaller the benefit of the discovery as compared to the burden, the more likely protection from it is due.

In that regard, Courts have long acknowledged the "'the principle of judicial parsimony,' by which, when one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."[23] One such threshold issue that warrants staying discovery is resolution of a challenge to

---

[20] Fed. R. Civ. P. 26(d).

[21] Fed. R. Civ. P. 26(c); *see Von Drake v. Nat'l Broad. Co.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *1-2 (N.D. Tex. May 20, 2004).

[22] Fed. R. Civ. P. 26(b)(2)(C)(iii) ("…the court must limit the frequency or extent of discovery otherwise allowed by these rules if it determines that….the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.").

[23] 8A Fed. Prac. & Proc. Civ. § 2040 (Wright & Miller 3d ed.) (citing authorities).

jurisdiction.[24] For example, courts routinely stay discovery when immunity is raised by the defendant as an impediment to suit and liability.[25] Moreover, by its nature, immunity is meant to shield those entitled to it from both the burdens and expense of suit, as well as any liability.[26] UHS has challenged jurisdiction based on immunity, the exclusive jurisdiction of ERS, and MAC's lack of standing.[27]

Allowing discovery to proceed without first deciding whether UHS is entitled to immunity and whether the Court has jurisdiction would effectively deny UHS the "true measure of protection" afforded by immunity.[28] In the parlance of Rule 26, the burden discovery ath this juncture outweighs any benefits. Accordingly, there is "good cause" for staying discovery.

Another instance warranting a stay of discovery is where a pending motion raises legal issues that are potentially case dispositive.[29] Here, even if the Court has jurisdiction, UHS is nevertheless entitled to dismissal because MAC's claims fail as a matter of law,

---

[24] *Id*.

[25] *See, e.g., Foreman v. Texas A&M Univ. Sys. Health Sci. Ctr.,* No. 3:08-CV-1469-L, 2008 WL 4949267, at *4 (N.D. Tex. Nov. 12, 2008) (discovery stayed pending resolution of qualified immunity).

[26] *Channelview Indep. Sch. Dist. v. A.R.C.I., Ltd*., 199 S.W.3d 556, 558 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("Governmental immunity encompasses two principles: (1) immunity from suit (barring a lawsuit unless the Legislature expressly gives its consent to suit), and (2) immunity from liability (protection from judgments even if the Legislature expressly has given its consent to the suit)."); *see also Erxleben v. Bloomington Indep. Sch. Dist*., No. CIV. A. V-94-025, 1996 WL 61490, at *1 (S.D. Tex. Jan. 29, 1996) ("A defendant entitled to claim qualified immunity is shielded not only from liability but also from 'the costs of trial [and] ... the burdens of broad-reaching discovery.'").

[27] ECF No. 30.

[28] *See Wicks v. Mississippi State Employment Se*rvs., 41 F.3d 991, 995 (5th Cir. 1995); *see Acoustic Sys., Inc. v. Wenger Corp*., 207 F.3d 287, 293 (5th Cir. 2000) ("The entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is permitted to go to trial."); *see also Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995) ("The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity.").

[29] *Smith v. Potter*, 400 F. App'x 806, 813 (5th Cir. 2010) (stay of discovery pending resolution of motion for summary judgment raising largely legal issues upheld).

---

as set forth in the motion to dismiss. For example, MAC's central premise, that its claims for benefits under the Plan should not have been paid based on Medicare rates, ignores the plain language of the Plan.[30] That premise underlies MAC's other causes of action. Similarly, MAC's implied contract claim, based on previous payments of claims for benefits under the Plan, likewise fails as a matter of law.[31] The motion to dismiss for failure to state a claim is thus case dispositive. While the court does not need to predict the outcome of the motion to dismiss here, "even a cursory review of the motion reveals that [UHS has] substantial arguments for dismissal," warranting a stay of discovery.[32] UHS should not be burdened with wide-ranging discovery, at least not until the Court has decided whether it has jurisdiction, MAC has stated a claim, and the case can, in all fairness, proceed without ERS as an indispensable party.

The Fifth Circuit approves of such stays to decide threshold legal issues like this. For example, in *Petrus v. Bowen*, the court stayed discovery pending resolution of a motion to dismiss, which was ultimately granted, and the plaintiff appealed.[33] In rejecting the plaintiff's argument that the stay was outside the court's discretion, the Fifth Circuit explained:

> Petrus also contends that the district court erred in granting the defendants' motion for a protective order to stay discovery, then in granting the defendants' motion for summary judgment while his interrogatories remained

---

[30] *See* discussion at ECF No. 3-6, 29-31.

[31] *Id.*

[32] *Von Drake*, 2004 WL 1144142, at * 1-2; *see also Chesney v. Valley Stream Union Free School Dist. No. 24*, 236 F.R.D. 113 (E.D. N.Y. 2006) (substantial issues raised by a motion to dismiss that could dispose of claims warranted stay of discovery pending final resolution of the motion).

[33] 833 F.2d 581, 583 (5th Cir.1987).

> unanswered. A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined. Nothing that Petrus could have learned through discovery could have affected the resolution of the defendants' 12(b)(6) motion. We hold that the district court properly deferred discovery while deciding whether the defendants were proper parties to the action.[34]

This approach avoids imposing discovery burdens on UHS based on infirm claims and saves judicial resources by avoiding discovery disputes that flow from them.[35] It makes no sense to delve into disputes over discovery where the first objection to be dealt with is whether the Court has jurisdiction in the first place.

Moreover, many of the requests are patently overly broad and harassing. For example, and without limitation, MAC seeks confidential contracts between UHS and other providers;[36] documents detailing "claim turnaround times" on all claims under the Plan;[37] and documents identifying every UHS employee involved in administering claims under the Plan.[38] Indeed, despite alleging that UHS did not become ERS's administering firm until September 1, 2012,[39] MAC served discovery requests seeking to identify UHS employees who dealt with (i) "network physicians" (*i.e.*, as opposed to non-network physicians, like MAC) or (ii) administration of the Plan going back to 2010.[40] These are but a few examples of the issues that, absent a stay, will take up the parties' and Court's

---

[34] *Id*.

[35] *Ingram v. Clements*, No. 14-CV-01024-REB-KMT, 2015 WL 1598052, at *2 (D. Colo. Apr. 8, 2015).

[36] First RFP Nos. 42-45.

[37] First RFP No. 19.

[38] First RFP No. 6.

[39] Amended Complaint ¶ 6.

[40] Interrogatory Nos. 2-3.

resources in dealing with disputes over MAC's 60 requests for production, interrogatories, and request for deposition.[41] The nature of the discovery thus further justifies a temporary stay until the Court resolves the threshold jurisdictional and legal issues in the pending motion to dismiss.[42]

A final word is in order with respect to the absence of prejudice to MAC. MAC has already once before made its arguments concerning immunity, exclusive jurisdiction, and lack of standing. It did not seek a continuance to conduct discovery. In fact, it did not seek any documents or take any depositions in advance of responding, which is unsurprising given that the jurisdictional issues turn on questions of law. Accordingly, a stay of discovery pending resolution of those issues will not prejudice MAC.

Admittedly, the Court's scheduling order sets deadlines for the parties to designate experts in July and August, respectively. At the scheduling conference, the Court acknowledged that an anticipated amendment by MAC might change the complexion and scope of the case and require retooling various deadlines and the trial date. And it has, inasmuch as MAC's Amended Complaint is now solely premised on claims for benefits under the ERS Plan, rather than other health plans. Consequently, the jurisdictional issues raised in the motion to dismiss are case dispositive. To avoid prejudice to both parties, UHS submits that the existing deadlines should be vacated pending resolution of the motion to dismiss, subject to being reset in the event the motion is denied.

---

[41] UHS is seeking a stay of discovery, not a ruling on each of the discovery requests, which it reserves the right to raise at the appropriate time in the event discovery is not stayed.

[42] *Von Drake*, 2004 WL 1144142 at * 2.

## IV.  CONCLUSION & REQUESTED RELIEF

UHS's motion to dismiss raises substantial issues with respect to the Court's lack of jurisdiction, MAC's failure to state a claim, and MAC's failure to join an indispensible party, all of which are case dispositive. UHS respectfully requests that the Court issue a temporary stay of discovery and vacate the remaining pre-trial deadlines pending resolution of these issues.

Dated: May 29, 2015            Respectfully submitted,

By:  s/ Raymond E. Walker
    Andrew G. Jubinsky
    Texas Bar No. 11043000
    Fed. I.D. No. 8603
    andy.jubinsky@figdav.com
    Attorney-in-Charge

**Of Counsel:**
Raymond E. Walker
Texas Bar No. 24037663
Fed. I.D. No. 36366
ray.walker@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street
Suite 3400
Dallas, Texas  75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090
ATTORNEYS FOR DEFENDANT

**Defendant's Motion to Stay Discovery** – Page 10

<a>
</a>

## CERTIFICATE OF SERVICE

Undersigned counsel conferred with counsel for Plaintiff on May 29, 2015, and counsel were unable to agree on disposition of the motion. Counsel for Plaintiff opposes the requested relief.

                                                                                          s/ Raymond E. Walker
                                                                                           Raymond E. Walker

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on the parties listed below on May 29, 2015.

**Via ECF:**
Guillermo Tijerina, Jr.
gtijerina@vlrhlaw.com
Vidaurri, Lyde, Rodriguez &Haynes, L.L.P.
202 North 10th Ave.
Edinburg, Texas 78541

                                                                                         s/ Raymond E. Walker
                                                                                           Raymond E. Walker